IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 13, 2004 Session

IN RE: NANCY JANE SHIPE, Daniel P. McClure, (Conservator of Estate),
v. FAE N. SHIPE, (Conservator of the Person), and NANCY JANE SHIPE
(Ward)

Direct Appeal from the Chancery Court for Greene County
No. 88-109    Hon. Thomas R. Frierson, II., Chancellor

No. E2003-01647-COA-R3-CV - FILED JULY 27, 2004

Competing Petitions between The Conservator of the Estate and the Conservator of the Person resulted in the Trial Court altering the Ward's living arrangements. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and H. DAVID CATE, SP.J., joined.

Kenneth Clark Hood, Greeneville, Tennessee, for Appellant, Daniel P. McClure.

Deborah F. Roberts, Greeneville, Tennessee, for Appellee, Fae N. Shipe.

**OPINION**

The Trial Court's Judgment in this case results from the filing of Petitions by the Conservator of the Person and the Conservator of the Estate, essentially asking that the other be removed.

## BACKGROUND

This conservatorship proceeding originated with a Petition filed by Fae Shipe, stepmother of the ward, Nancy Jane Shipe, on March 24, 1988. Fae sought to be appointed conservator for Nancy, and Daniel McClure, Nancy's cousin, then filed a Petition seeking to be appointed conservator for Nancy. In 1989, the Court ultimately ruled by agreement of the parties that McClure would be the sole conservator of Nancy's Estate, and that Fae Shipe would serve as Conservator of the Person.

Over years, various court actions were filed, as the conservatorships continued, and in 2002 the issue relating to the administration of the conservatorships was heard by the Court.

## JUDGMENT

After the evidentiary hearing, the Court found that Nancy Jane was 59 years old and was "severely restricted in virtually all aspects of intellectual, cognitive, behavioral, emotional and personality development." The Court found that Fae was 86 years old and provided the primary personal care for Nancy, who lived with her. The Court observed that Nancy was currently participating in Greene County Skills Workshop three days per week, where she visited with friends, completed tasks, and earned modest compensation.

The Court said that the McClures lived in Florida and had sought permission to relocate Nancy to Heritage House, an assisted living facility located close to their homes. The Court found that Nancy had stayed at Wellington Place in Greeneville on three recent occasions when Fae was hospitalized, and that Fae requested Nancy be placed there if a change occurred.

The Court noted that McClure sought to be named as conservator of the person for Nancy and sought to relocate her to Florida, and that inherent in this was a request that Fae be discharged of her fiduciary duties. The Court examined the relevant statutory dictates and precedent, and found that McClure had not established that Fae had failed to perform her duties and obligations in accordance with law. The Court further found that McClure had not established that Fae had failed to act in Nancy's best interest so as to warrant a modification or discharge, and dismissed McClure's petition to discharge Fae as conservator of the person.

The Court then concluded that Nancy should continue to live in Greene County, and Ordered that Nancy should be enrolled at Wellington Place, and that Fae should be allowed to select the appropriate plan of care and services to be provided. The Court also ordered that Nancy be allowed to continue with her program at Greene County Skills.

The Court then ruled that there was no cause to remove McClure as conservator of Nancy's Estate, and found that he had managed the Estate to its best advantage, and in Nancy's best interest. He dismissed Fae's petition to remove McClure.

## FACTUAL DETERMINATIONS

The evidence does not preponderate against the factual determinations made by the Chancellor, Tenn. R. App. P. 13(d).

## DISCUSSION

McClure argues that the Trial Court erred in treating his Petition as one to remove Fae as Conservator of the Person, stating that this was not the relief he sought. At the hearing which was held on March 22, 2002, however, McClure's attorney told the Court in his opening statement that McClure was seeking a change of the custodial arrangement for Nancy, and wanted the Court to "recognize the intent of Mr. Jim Shipe as expressed in his Will and allow [McClure] to assume full responsibility for Nancy Jane Shipe, and that he's willing to take her to the State of Florida to be near him and his family." While the Petition is not clear, removal of Fae was precisely the relief McClure sought. The Trial Court properly found that seeking Fae's discharge was inherent in McClure's request.

McClure argues that the Court erred in relying on Tenn. Code Ann. §§34-1-123 and 34-3-108(a) in ruling on his Petition. These sections, however, provide guidance to the court regarding what must be considered in removing a conservator or fiduciary, which was the issue we hold was the adjudication McClure sought.

Next, McClure argues that the Trial Court erred in refusing to remove Fae as conservator of the person, and further argues that the Trial Court only considered the duties incumbent upon a conservator of the estate, rather than a conservator of the person, in making its decision regarding whether Fae was derelict in her duties. The Trial Court reviewed a number of decisions dealing with conservatorships and the related duties, but McClure argues the Trial Court erred in quoting with approval from *Blackburn v. Blackburn*, 63 S.W.3d 338 (Tenn. Ct. App. 2001), which dealt with allegations that the conservator mishandled the funds of the ward's estate, rather than dealing with a situation where the conservator was alleged to have failed in his/her duties as conservator of the person.

A relevant case dealt with a mother who was conservator/guardian for her mentally disabled adult child, and states that a relationship "is designed to further the ward's well-being, not that of the guardian." *Conservatorship of Hurline v. Hutchins*, 978 S.W.2d 938 (Tenn. Ct. App. 1997). *Hurline* goes on to state that such a fiduciary can be removed "where there is a failure to properly care for the ward." *Id.* The Court in its ruling held that the statutory provision regarding removal was clear and unambiguous and should be followed as written. Thus, the Court found that it had not been proven that Fae had failed to perform her duties and obligations in accordance with law, nor had she had failed to act in Nancy's best interest.[1] Another section dealing with the removal

---

[1]Tenn. Code Ann § 34-3-108(a) states:

of a conservator is Tenn. Code Ann. § 34-1-123, which states that "the court in its discretion may summon a fiduciary to appear before the court and may, if cause be shown, remove such fiduciary for any abuse, mismanagement, neglect or failure to perform the duties of fiduciary as set forth in this chapter, and chapters 2 and 3 of this title." The Court expressly found that Fae had not neglected or failed to perform her duties as conservator, and thus denied the requested removal. There is no merit to this argument.

We note that according to Tenn. Code Ann. § 34-1-123 and the relevant cases, that the trial court's decision on this issue is discretionary, and thus can only be reversed or modified upon a finding of abuse of discretion. *See Monteverde v. Christie*, 134 S.W.2d 905 (Tenn. Ct. App. 1939); *Cline v. Plemmons*, 2004 WL 115144 (Tenn. Ct. App. Jan. 23, 2004); *Crumley v. Perdue*, 1997 WL 691532 (Tenn. Ct. App. Nov. 7, 1997); *In re Estate of Powers*, 1994 WL 695419 (Tenn. Ct. App. Dec. 13, 1994). We find no abuse of discretion shown in this case.

Witnesses testified that Nancy's needs were met and that the home environment was good and proper, and any countervailing evidence was obviously not credited by the Court. As this Court has previously explained:

> the Trial Judge, who sees and hears the parties and witnesses has a far better opportunity to judge the weight and credibility of their testimony than the appellate court which has only a printed record. . . . Any conflict in testimony requiring a determination of the credibility of witnesses is for the Trial Court whose finding is binding upon the reviewing court unless other real evidence compels a contrary conclusion.

*In re Estate of Islaub*, 1995 WL 491046 (Tenn. Ct. App. Aug. 18, 1995).

McClure argues that the Trial Court erred in ignoring the statutory preference for blood relatives of the ward to be appointed conservator, as found in Tenn. Code Ann. § 34-3-103. The trial court has broad discretion in this area. *See Crumley v. Perdue*, 1997 WL 691532 (Tenn. Ct. App. Nov. 7, 1997). Moreover, the record shows that at the time of the initial appointments of conservatorships, there appeared to be no objection to Fae serving in that capacity, and McClure agreed to allow Fae to be appointed as Conservator of the Person for Nancy when the original conservatorship petitions were filed. Once the initial appointment of Fae was made by agreement

A conservator appointed under this chapter may be discharged or have its duties modified if the court determines that the respondent is no longer a disabled person, or that it is in the best interests of the disabled person that the conservatorship be terminated, or that the conservator has failed to perform its duties and obligations in accordance with the law, or that the conservator has failed to act in the disabled person's best interest so as to warrant modification or termination.

of the parties, the only issue which could be decided by the Court was whether or not that should continue, and the issue would be controlled by the statutory sections governing removal. We find the issue to be without merit.

Finally, McClure argues the Trial Court erred in failing to order all of his attorney's fees paid by the estate, since he was granted relief by the Trial Court. Appellees argue that McClure should have had to bear the entire expense of his petition to have Fae removed as conservator.

As to McClure's argument, we note that whether or not a party is granted relief is not necessarily controlling on whether their attorney's fees should be borne by the estate of the ward. Tenn. Code Ann. § 34-1-113 provides that the court may approve payments from the estate that are "reasonable considering all relevant factors, are incurred by the fiduciary in good faith on behalf of the minor or disabled person, and are intended to benefit or protect the minor or disabled person or such person's property, whether or not an actual benefit or protection is ultimately in fact attained." Thus, the test is not whether relief was obtained, but whether the expenses are reasonable, incurred in good faith on the ward's behalf, and intended to benefit or protect the ward. McClure argues that the Trial Court should have ordered all of his requested fees to be paid from the Estate, rather than just a portion, but the Trial Court had discretion in this area, since he was required to make a determination looking at the reasonableness of the fees requested, the benefit to the ward, and the intent of the petitioner. *See* Tenn. Code Ann. § 34-1-113. We find no abuse of discretion by the Trial Court. *See Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn .1995); *Cline v. Plemmons*, 2004 WL 115144 (Tenn. Ct. App. Jan. 23, 2004).

Finally, the attorney ad litem argues that the Trial Court erred in denying her Petition to remove McClure as conservator, due to his advanced age, the distance between his home in Florida and Nancy's home in Greeneville, and other factors. As noted, the Trial Court's decision on this issue is discretionary, and thus can only be reversed or modified upon a finding of abuse of discretion. *See Monteverde v. Christie*, 134 S.W.2d 905 (Tenn. Ct. App. 1939); *Cline v. Plemmons*, 2004 WL 115144 (Tenn. Ct. App. Jan. 23, 2004); *Crumley v. Perdue*, 1997 WL 691532 (Tenn. Ct. App. Nov. 7, 1997); *In re Estate of Powers*, 1994 WL 695419 (Tenn. Ct. App. Dec. 13, 1994). No abuse of discretion was shown on this issue.

The Trial Court considered the provisions of Tenn. Code Ann. § 34-3-108, and found that all funds entrusted to McClure had been properly invested and managed, that any allegations regarding McClure's wife and her disbarment were of no concern because she had never been involved in the management of the Estate, and the Court further found that McClure had maintained an undivided duty of loyalty to Nancy and had not neglected her best interests. The evidence does not preponderate against these findings, Tenn. R. App. P. 13(d). Thus, there was no showing that McClure had failed to perform his duties in accordance with the law, or that he had failed to act in Nancy's best interests, and removal was not warranted.

The attorney ad litem insists, however, that McClure should be removed due to animosity between the parties. While some animosity was shown, there was no showing that it had

affected Nancy or her best interests while Fae was serving as personal conservator of the person and McClure was serving as conservator of the estate. The change in Nancy's living arrangements as ordered by the Court will insure that such animosity does not affect Nancy in the future, because she will no longer be under Fae's complete control so there should be no hindrance to visitation by McClure, and further McClure will be making payments to the facility directly and dealing with it rather than Fae regarding the reasonableness of expenses, etc. We hold that the Court properly found that both conservators should continue to serve.

In our discretion, we tax one half of the cost of the appeal to Daniel McClure personally, and one-half of the cost of the appeal to the Estate of Nancy Jane Shipe.

_____
HERSCHEL PICKENS FRANKS, P.J.